**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Norfolk Division)**

| | |
|---|---|
| ANTHONY SAHADEO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. _____ |
| ) | |
| SN SERVICING CORPORATION, et al., ) | Removed from the Circuit Court for the |
| ) | City of Virginia Beach, Virginia |
| Defendants. ) | (Case No. CL22000141-00) |
| ) | |

**NOTICE OF REMOVAL**

Defendant, Select Portfolio Servicing, Inc. ("SPS"), by counsel, and with the consent of all remaining defendants, including Defendants, SN Servicing Corporation ("SN"), and U.S. Bank Trust, N.A. as Trustee of the BKPL Lodge Series I Trust ("US Bank Trust") (collectively, the "Defendants"), hereby removes the above-captioned civil action, and all claims and causes of action therein, from the Circuit Court for the City of Virginia Beach, Virginia to the United States District Court for the Eastern District of Virginia (Norfolk Division) pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446. In support thereof, SPS states as follows.

**Background**

1.  This action involves claims by Plaintiff, Anthony Sahadeo ("Plaintiff") challenging the Defendants' ability to proceed with a foreclosure sale for property located at 2133 Bierce Drive, Virginia Beach, Virginia (the "Property"). Plaintiff alleges that: (A) US Bank Trust provided deficient notice of the foreclosure sale; (B) SPS failed to honor a modification offer accepted by Plaintiff; and (C) the aforementioned resulted in unjust enrichment to SN. In amending his Complaint on or about January 13, 2022, Plaintiff also alleged that SN and US Bank Trust violated the CARES Act (15 U.S.C. § 9056) (the "CARES Act").

2. On or about January 12, 2022, Plaintiff commenced the underlying state court action captioned <u>Anthony Sahadeo v. SN Servicing Corporation, et. al.</u> (Case No. CL22-144) (the "State Court Action"), in the Circuit Court for the City of Virginia Beach. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of that complaint is attached hereto as Exhibit "A."

3. On or about January 13, 2022, Plaintiff filed an Amended Complaint in the State Court Action, a true and correct copy of which is attached hereto as Exhibit "B."

4. On January 19, 2022, Plaintiff purportedly served SPS with discovery, including interrogatories, requests for production of documents, and requests for admissions. A true and correct copy of that discovery is attached hereto as Exhibit "C."

5. Copies of the Summonses issued against the Defendants in the State Court Action are attached hereto collectively as Exhibit "D."

**Removal Is Procedurally Proper**

6. 28 U.S.C. § 1441(a) provides, in pertinent part, as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending[.]

<u>Id.</u>

7. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the Circuit Court for the City of Virginia Beach, the forum in which the removed State Court Action was pending.

8. The time to remove is triggered by the simultaneous service of the summons and complaint. See, e.g., <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 347-356 (1999).

    a.    SPS was served with copies of the Complaint and Summons on January 25, 2022 through its Virginia registered agent. A true and correct copy of SPS' service of process transmittal form is included hereto as Exhibit "E."

    b.    SN was served with copies of the Complaint and Summons on <u>February 2, 2022</u>. <u>See Id.</u> A true and correct copy of SN's service of process transmittal form is also attached included at Ex. E, p. 2.

    c.    Service upon US Bank Trust has not been confirmed to date.

9.    Because not all of the Defendants have been properly served with the Complaint and Summons in this action (and, even then, the latest date by which any Defendant was served with the Complaint and Summons was February 2, 2022) the deadline to remove this action pursuant 28 U.S.C. § 1446(b)(1) has not yet run.

10.    There are no other defendants to this action, and all Defendants consent to the removal of the State Court Action, and join this Notice of Removal. <u>See</u> Exhibit "F" hereto (email among counsel for Defendants consenting to removal to this Court).

**This Court Has Original Jurisdiction Pursuant To 28 U.S.C. §§ 1332(a) And 1441(b), And, Therefore, Removal Is Proper**

11.    This Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332, because the parties are of completely diverse citizenship, and the matter in controversy exceeds the sum or value of $75,000.00.

**Citizenship Of The Relevant Parties**

12.    Plaintiff admits that he "is a citizen of Virginia who resides in and owns real estate in the City of Virginia Beach, Virginia." (Am. Compl. at ¶ 4.) Therefore, Plaintiff is a citizen of Virginia pursuant to 28 U.S.C. § 1332.

13. SPS is a corporation organized and incorporated under the laws of the State of Utah with its principal place of business in Utah. (Exhibit "G" hereto) SPS is, therefore, a citizen of Utah for purposes of diversity jurisdiction. See 28 U.S.C. § 1332(c)(1).

14. SN is a corporation organized and incorporated under the laws of the State of Alaska with its principal place of business in the State of Louisiana. (Exhibit "H" hereto). SN is, therefore, a citizen of Alaska and Louisiana for purposes of diversity jurisdiction. See 28 U.S.C. § 1332(c)(1).

15. US Bank Trust is a national bank association organized under the laws of the State of Delaware to carry on the business of a limited purpose trust company. For diversity jurisdiction purposes, a national association is a citizen of the state in which its main office, as set forth in its articles of association, is located. Wachovia Bank v. Schmidt, 546 U.S. 303, 318 (2006). According to US Bank Trust's articles of association (Exhibit "I" hereto), its main office is located in the State of Delaware. (Id.) Therefore, US Bank Trust is a citizen of Delaware. See also Zoroastrian Ctr. & Darb-E-Mehr of Metro. Wash., D.C. v. Rustam Guiv. Found. of N.Y., 822 F.3d 739 (4th Cir. 2016) (concluding that parties were completely diverse for removal purposes where trustee of trust was not a citizen of Virginia).

### The Matter In Controversy Exceeds The Sum Or Value Of $75,000

16. The matter in controversy exceeds the sum or value of $75,000, exclusive of costs and interests. Specifically, Plaintiff seeks unspecified money damages, attorneys, fees and costs, but an "injunction preventing Defendant US Bank from selling [the Property] at a foreclosure sale.") (Am. Compl. at p. 9).

17. Because Plaintiff seeks injunctive relief in the form of an order "preventing" US Bank from on the Property, (id.), and impairing its right to foreclose under the subject loan

instrument (Am. Compl. at p. 10), the Court may also measure the matter in controversy by the value of the object of the litigation. Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977) (stating that it is in actions seeking declaratory or injunctive relief, the amount in controversy is measured by the "value of the object of the litigation").

18.     "In determining the value of the object of litigation, the majority of courts follows the 'plaintiff approach,' in which the court considers only the value of the controversy to the plaintiff." Liberty Mut. Fire Ins. Co. v. Hayes, 1997 U.S. App. LEXIS 24207, *8 (4th Cir. Sep. 15, 1997). The Fourth Circuit, however, employs, "'either party approach,' examining the potential pecuniary effect that a judgment would have on either party to the litigation." Id. (citing Gov't Emps. Ins. Co. v. Lally, 327 F.2d 568, 569 (4th Cir. 1964))."Under this 'value' test, the jurisdictional amount in controversy requirement is met if either the 'direct pecuniary value' of the right the plaintiff seeks to enforce, or the cost to the defendant of complying with any prospective equitable relief exceeds $75,000." Lee School Lofts, LLC v. Amtax Holdings 106 LLC, 2008 U.S. Dist. LEXIS 87572, *3 (E.D.Va. Oct. 29, 2008) (citations omitted).

19.     In this case, the current assessed valued of the Property is $476,100.00 See Exhibit "J" hereto (tax assessment records). Further, Plaintiff obtained a $436,000.00 mortgage loan evidence by a promissory note (the "Note") (Exhibit "K" hereto), which is secured by a deed of trust (the "Deed of Trust") secures repayment of that $436,000.00 indebtedness. See Exhibit "L" hereto. In pertinent part, the Deed of Trust contains the following power of sale language in the event of Plaintiff's default:

> 22. **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.
>
> If Lender invokes the power of sale, Lender or Trustee shall give to Borrower, the owner of the Property, and all other persons, notice of sale as required by Applicable Law. Trustee shall give public notice of sale by advertising, in accordance with Applicable Law, once a week for two successive weeks in a newspaper having general circulation in the county or city in which any part of the Property is located, and by such additional or any different form of advertisement the Trustee deems advisable. Trustee may sell the Property on the eighth day after the first advertisement or any day thereafter, but not later than 30 days following the last advertisement. Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by advertising in accordance with Applicable Law. Lender or its designee may purchase the Property at any sale.
>
> Trustee shall deliver to the purchaser Trustee's deed conveying the Property with special warranty of title. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to discharge the expenses of executing the trust, including a reasonable commission to Trustee; (b) to discharge all taxes, levies, and assessment, with costs and interest if these costs have priority over the lien of this Security Instrument, including the due pro rata thereof for the current year; (c) to discharge in the order of their priority, if any, the remaining debts and obligations secured by this Security Instrument, and any liens of record inferior to this Security Instrument under which sale is made, with lawful interest; and, (d) the residue of the proceeds shall be paid to Borrower or Borrower's assigns. Trustee shall not be required to take possession of the Property prior to the sale thereof or to deliver possession of the Property to the purchaser at the sale.

20.    In either case, measured against the value to Plaintiff were he to obtain relief barring any foreclosure sale or otherwise impairing US Bank Trust's rights under the Note or Deed of Trust, the matter in controversy in this action exceeds the sum or value of $75,000.

21.    Because the matter in controversy exceeds the sum or value of $75,000, and because the parties are completely diverse, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

### Removal Is Also Proper Based On Federal Question Subject Matter Jurisdiction
### Under 28 U.S.C. § 1331

22. Removal of this case is also proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

23. 28 U.S.C. § 1441(a) provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

24. This court has original jurisdiction pursuant to 28 U.S.C. § 1331 because it is apparent on the face of Plaintiff's Complaint that this action arises under and presents questions of federal law. Specifically in Plaintiff's "First Cause Of Action" (Am. Compl. at ¶¶ 29-37), Plaintiff alleges that he was entitled to certain protections under the CARES Act (including the right to mortgage loan payment forbearance), and that SN and US Bank Trust "failed to Provide [Plaintiff] with relief required under the" act. (Id. at ¶ 37.) In this regard, Plaintiff seeks a finding and declaration that those defendants violated the CARES Act, and that violation warrants enjoining foreclosure of the Property "until such time as [Plaintiff] is provided the forbearance required by" that statute. (Id.).

25. Citing binding precedent, this Court has explained that:

> Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States." A case arises under federal law if a plaintiff's well-pleaded complaint establishes either (1) that federal law creates the cause of action or (2) ***that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.*** Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 27-28 (1983),

Spanos v. Vick, 2021 U.S. Dist. LEXIS 242714, *11-12 (E.D.Va. Dec. 20, 2021) (emphasis added).

26. On the second point, this Court has correctly explained when a "substantial question of federal law" exists sufficient to confer subject matter jurisdiction:

> The Supreme Court [of the United States] has articulated a four-prong test to determine whether embedded federal question exists in a given case. See Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005). Under this four-prong test, the federal question allegedly embedded in a complaint must be: (1) "necessarily raise[d]" in the case; (2) "actually disputed" by the parties; (3) "substantial," meaning that resolution of the question is important to the federal system as a whole; and (4) a federal court must be capable of deciding the issue "without disturbing any congressionally approved balance of federal and state judicial responsibility." Grable, 545 U.S. at 314.

Welsey Hous. Dev. Corp. v. SunAmerica Hous. Fund 1171, 2021 U.S. Dist. LEXIS 244579, *10 (E.D.Va. Dec. 22, 2021). In this case, Defendants submit that Plaintiff's claim under the CARES Act satisfies the Grable test, and, therefore, the Court may properly exercise subject matter jurisdiction over this action under 28 U.S.C. § 1332.

27. To begin with, it is evident that Plaintiff "necessarily raise[s]" several questions under federal law. That is, Plaintiff contends that he has: (A) a federal-backed mortgage, (B) experienced financial hardship due to the COVID-19 pandemic, and (C) has rights under the CARES Act to obtain mortgage loan forbearance up to 180 days in length. (Am. Compl. at ¶ 30-31 (citing 15 U.S.C. § 9056(b)(1)). Whether each of these allegations is legally correct depends on this Court's interpretation of federal law, specifically, the CARES Act, and any related and enabling regulations, including those of the Department of Housing and Urban Development ("HUD").

28. Next, Plaintiff's alleged rights, and SN and US Bank Trust's supposed obligations under the CARES Act are in actual dispute here. Those defendants deny that Plaintiff was improperly denied CARES Act relief, or that they were barred from proceeding toward a foreclosure sale as a consequence of their alleged noncompliance with the CARES Act. As a

consequence, the second "prong" of the Grable test is also satisfied.

29.     Defendants also submit that the above questions of federal law are substantial, and wide reaching insofar as they potentially impact millions of homeowners in and out of Virginia. On March 27, 2020, the federal government enacted the CARES Act, codified at 15 U.S.C. § 636. "Sections 4022 through 4024 of the CARES Act addressed housing-related issues, including protections for holders of federally-backed mortgages [such as Plaintiff's alleged mortgage."] Skyworks v. Centers for Disease Control & Prevention, 524 F.Supp.3d 745, 2021 WL 911720, *2 (N.D. Ohio 2021). The federal Consumer Financial Protection Bureau has explained that since March, 2020 "millions of homeowners have received forbearance under the CARES Act, allowing them to temporarily pause or reduce their mortgage payments."[1] Whether and to what extent any homeowner is entitled to CARES Act forbearance relief is a question involving a multiplicity of considerations and federal criteria set forth in the CARES Act and its accompanying regulations.[2] Defendants acknowledge that there is no persuasive or binding authority in this district and circuit which affirmatively holds that the CARES Act confers federal question subject matter jurisdiction in these circumstances, but Defendants submits that there is also no case law rejecting it either.

30.     Finally, Defendants contend that any question involving Plaintiff's entitlement to CARES Act relief is capable of resolution without disturbing the balance of federal and state judicial responsibility (the fourth Grable component). As explained by HUD, CARES Act forbearance relief is available if a homeowner's mortgage is insured by the Federal Housing

---

[1]   See   https://www.consumerfinance.gov/coronavirus/mortgage-and-housing-assistance/help-for-homeowners/learn-about-forbearance/

[2]   See, e.g.,   https://www.hud.gov/coronavirus/resources_for_homeowners#forbearance (explaining relevant deadlines, and categories of loans entitled to relief).

Administration which is a subject entirely within the purview of federal law.[3] Defendants submit that exercising federal jurisdiction over the Plaintiffs' CARES Act claim would not manifest into a shift of "traditionally state [law] cases into federal courts," but rather, the resolution of CARES Act issues properly belongs in federal court. See Grable, 545U.S. at 319.

31. Accordingly, this Court has subject matter jurisdiction over Plaintiff's First Cause of Action pursuant to 28 U.S.C. § 1331 because Plaintiff's invokes claims arising under federal law.

**This Court May Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims Embodied In The Second through Fourth Causes of Action**

32. With respect to Plaintiff's state law causes of action (the Second through Fourth Causes of Action) against the Defendants, this Court may exercise supplemental jurisdiction over such claims under 28 U.S.C. § 1367 because they arise out of the same operative facts as Plaintiff's claims under federal law and "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Supplemental jurisdiction "allows parties to append state law claims over which federal courts would otherwise lack jurisdiction, so long as they form the same case or controversy as the federal claims." Shanaghan v. Cahill, 58 F.3d 106, 109 (4th Cir. 1995).

33. Whether supplemental jurisdiction is proper depends on whether the "state and federal claims . . . derive from a common nucleus of operative fact." United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966). Another consideration or factor is whether the "claims are such that [the plaintiff] . . . would ordinarily be expected to try them all in one judicial proceeding." Id.

---

[3] Id.

34. Supplemental jurisdiction maybe properly exercised as to the Second (breach of contract), Third (negligence or gross negligence), and Fourth Causes of Action (unjust enrichment) because they arise from the same set of facts concerning SPS' supposed failure to modify Plaintiff's home mortgage loan, and SN and US Bank Trust's alleged failure to offer him relief under the CARES Act. Either instance, Plaintiff alleges, resulted in the threatened foreclosure of the Property. See Am. Compl. at ¶¶ 34-37 (alleging that Plaintiff requested but was denied CARES Act mortgage loan forbearance, and that SN and US Bank Trust lack authority to foreclosure"); and Id. at ¶¶ 45 (contending that SPS' refusal to modify his loan caused him to remain behind on his payments, leading to default and foreclosure). As such, those claims derive from a common nucleus, and would ordinarily be expected to be tried in a single proceeding. See United Mine Workers of Am., *supra*, 383 U.S. at 725. Accordingly, the Court may properly exercise supplemental jurisdiction over the Second and Fourth Causes of Action pursuant to 28 U.S.C. § 1367.

## Conclusion

35. Pursuant to 28 U.S.C. § 1446(d), a copy of the filing of this Notice of Removal will be promptly filed with the clerk for the Circuit Court for the City of Virginia Beach, and served upon Plaintiff. A copy of the Notice of Filing of Notice of Removal (without exhibits) is attached as Exhibit "M."

36. In filing this Notice of Removal, the Defendants not waive, but instead specifically reserve, all defenses, objections, motions, or exceptions available to them under applicable law. In particular, Defendants expressly reserve the right to move for dismissal or judgment pursuant to Fed. R. Civ. P. 12. and 56. No statement herein or omission should be deemed to constitute an admission by Defendants of any allegation set forth in the Complaint or damages sought therein.

37. For the foregoing reasons, Defendant, Select Portfolio Servicing, Inc. with the consent of Defendants SN Servicing Corporation, and U.S. Bank Trust, N.A. as Trustee of the BKPL Lodge Series I Trust remove the above-captioned action now pending before the Circuit Court for the City of Virginia Beach to the United States District Court for the Eastern District of Virginia (Norfolk Division).

Dated: February 23, 2022  Respectfully submitted,

/s/Alfred D. Carry
Alfred D. Carry (VSB #81360)
McGlinchey Stafford PLLC
1275 Pennsylvania Avenue NW, Suite 420
Washington, DC 20004
Tel: (202) 802-9999
Fax: (202) 318-1084
acarry@mcglinchey.com
*Counsel for Defendant,*
*Select Portfolio Servicing, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed in this case with the clerk of the court and served this 23rd day of February 2022 by email and first-class mail on all counsel of record at:

Joseph V. Sherman
William B. Newman
Joseph V. Sherman, P.C.
324 West Freemason Street
Norfolk, Virginia 23510
*Counsel for Plaintiff*

Keith Yacko
McMichael Taylor Gray, LLC
11900 Parklawn Drive, Suite 320
Rockville, Maryland 20852
*Counsel for Defendants,*
*SN Servicing Corporation;*
*and U.S. Bank Trust, N.A. as Trustee of the BKPL Lodge Series I Trust*

/s/Alfred D. Carry
Alfred D. Carry (VSB #81360)
*Counsel for Defendant,*
*Select Portfolio Servicing, Inc.*